IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| CARL L. FRANCIS, | § | |
| | § | |
| Plaintiff | § | CIVIL CASE NO._____ |
| | § | |
| VS. | § | |
| | § | |
| BLACK ROSE SPECIALIZED TRANSPORT, | § | |
| LLC; KORY DWYER AND DARIUS L. | § | |
| MANGRUM | § | |
| | § | |
| Defendants | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES CARL L. FRANCIS, INDIVIDUALLY, Plaintiff herein, and for cause of action would respectfully show the Court the following:

### I. THE PARTIES

**A.  PLAINTIFF**

1.  Plaintiff CARL L. FRANCIS is a citizen of the United States, and specifically, a citizen of the state of Texas, residing in La Vernia, Wilson County, Texas. CARL I. FRANCIS brings suit herein in his individual capacity for personal injuries.

**B.  DEFENDANTS**

2.  Defendant BLACK ROSE SPECIALIZED TRANSPORT, LLC. ("BLACK ROSE") is a foreign for-profit limited liability company incorporated in the state of New York, with its principal place of business in New York and doing business in the state of Texas. Defendant may be served with process by serving its registered agent for service: Kory Dwyer, 1636 Ridge Rd., Webster, New York 14580.

3. Defendant KORY DWYER is an individual and believed to be a citizen of the state of New York. This Defendant may be served with process at his residence located at 1636 Ridge Rd., Webster, New York 14580.

4. Defendant DARIUS L. MANGRUM is an individual and believed to be a citizen of the state of Tennessee. This Defendant may be served with process at his residence located at 6611 Nelson Way Dr., Memphis, Tennessee 38141.

## II. JURISDICTION AND VENUE

5. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different U.S. states (Texas, New York, and Tennessee respectively), and the amount in controversy exceeds $75,000, excluding interest and costs.

6. This is a negligence and personal injury cause of action arising out of a motor vehicle collision occurring in Howard County in the Northern District of Texas. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## III. FACTS

7. This suit arises out of a motor vehicle incident, which occurred on or about May 9, 2023 in Howard County, Texas.

8. Plaintiff CARL L. FRANCIS was a passenger in a 2010 Freightliner Tractor Trailer (TX License Plate# MSY8339), hereinafter referred to as "Plaintiff's vehicle," which was being operated by Miguel Flores, III.

9. The "vehicle in question" refers to the 18 wheel Tractor Truck being operated at the time of the incident in question by Defendant DARIUS L. MANGRUM, a 2015 Peterbilt Tractor Truck, operating under BLACK ROSE SPECIALIZED TRANSPORT, LLC'S U.S. DOT

No. 03683443 (New York License Plate No.18007FP.

10. The "trailer in question" refers to the trailer being pulled by the vehicle in question at the time of the incident in question, a 2021 Great Dane Trailer, (New York License Plate No. 3141935) owned by KORY DWYER.

11. On or about May 9, 2023, Plaintiff CARL L. FRANCIS was a passenger in an 18-wheel 2010 Freightliner tractor truck (TX License Plate# MSY8339) being operated by Miguel Flores III. On the day of the incident, Mr. Flores was travelling in a safe and prudent manner on IH 20 at or near mile marker 181 in Big Spring, Howard County, Texas.

12. Defendant DARIUS L. MANGRUM was in the course and scope of his employment and in furtherance of the business of BLACK ROSE SPECIALIZED TRANSPORT, LLC.

13. Defendant DARIUS L. MANGRUM failed to control the speed of his tractor-trailer, colliding with the rear of the 18 wheel Freightliner being occupied by Plaintiff CARL FRANCIS.

14. The collision was caused by the acts and omissions of Defendants DARIUS MANGRUM, BLACK ROSE SPECIALIZED TRANSPORT, LLC and KORY DWYER. As Investigating Officer Heather Pinkerton of the Texas Department of Public Safety specifically noted on the crash report, Defendant DARIUS MANGRUM failed to control the speed of his vehicle and as such, was a proximate causes of the collision.

15. The occurrence made the basis of this suit, reflected above, and the resulting injuries and damages to Plaintiff were proximately caused by the negligent conduct of the Defendants.

3

Original Complaint (*Francis vs. Black Rose Specialized Transport, et al*)

16. Although properly belted, Plaintiff suffered traumatic injuries as a result of the crash, specifically but not limited to his head, neck, left shoulder, upper and lower back and body in general.

## V. CAUSES OF ACTION: NEGLIGENCE
## BLACK ROSE SPECIALIZED TRANSPORT, LLC ("BLACK ROSE")

17. Plaintiff incorporates by reference each and all of the allegations contained in paragraphs 1 – 16 of this Complaint as though fully set forth herein.

18. At the time of the occurrence of the act in question and immediately prior thereto, Defendant DARIUS MANGRUM was within the course and scope of his employment with Defendant BLACK ROSE.

19. At the time of the occurrence of the act in question and immediately prior thereto, Defendant DARIUS MANGRUM was engaged in the furtherance of business of Defendant BLACK ROSE.

20. Defendant DARIOUS MANGRUM was engaged in accomplishing a task for which Defendant DARIUS MANGRUM was employed.

21. Plaintiff invokes the doctrine of *Respondeat Superior* against Defendant BLACK ROSE.

22. The Defendant BLACK ROSE SPECIALIZED TRANSPORT, LLC is liable under the doctrine of *Respondeat Superior* in that Defendant DARIUS MANGRUM was operating the vehicle in the course and scope of his employment with Defendant BLACK ROSE.

23. Defendant BLACK ROSE is also negligent in one or more of the following respects:

(a.) Negligent hiring of Defendant DARIUS MANGRUM;

(b.) Negligent training of Defendant DARIUS MANGRUM

(c.)     Negligent supervision of Defendant DARIUS MANGRUM;

(d.)     Failing to establish, implement, and ensure compliance with reasonable and necessary policies to ensure safe vehicle operation;

(e.)     Negligent retention of Defendant DARIUS MANGRUM; and

(f.)     Negligent entrustment of its vehicle to Defendant DARIUS MANGRUM.

As described herein, Defendant BLACK ROSE SPECIALIZED TRANSPORT, LLC was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

24.     Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence and negligence per se, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which he will continue to suffer in the future, if not for the remainder of his natural life.

## V. CAUSES OF ACTION: NEGLIGENCE
## DARIUS L. MANGRUM ("MANGRUM")

25.     Plaintiff incorporates by reference each and all of the allegations contained in paragraphs 1 – 24 of this Complaint as though fully set forth herein.

26.     At the time of the occurrence of the act in question and immediately prior thereto, Defendant driver DARIUS MANGRUM was engaged in the furtherance of business for Defendants BLACK ROSE and KORY DWYER.

27.     Defendant driver DARIOUS MANGRUM was engaged in accomplishing a task for which Defendant DARIUS MANGRUM was employed.

28.     Plaintiff invokes the doctrine of *Respondeat Superior* against Defendant BLACK ROSE and KORY DWYER.

5

Original Complaint (*Francis vs. Black Rose Specialized Transport, et al*)

29. The Defendant BLACK ROSE is liable under the doctrine of *Respondeat Superior* in that Defendant DARIUS MANGRUM was operating the vehicle and the trailer in the course and scope of his employment with Defendant BLACK ROSE and KORY DWYER.

30. Defendant DARIUS MANGRUM had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

31. Plaintiff's injuries were proximately caused by Defendant DARIUS MANGRUM's negligent, careless, and reckless disregard of said duty.

32. The Defendant DARIUS MANGRUM operated the vehicle he was driving in a negligent manner because he violated the duty which he owed the Plaintiff to exercise ordinary care in the operation of the motor vehicle in one or more of the following respects:

- (a.) Failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;
- (b.) Failing to timely apply the brakes of his vehicle in order to avoid the collision in question;
- (c.) Driver inattention;
- (d.) Operating a commercial motor vehicle while distracted;
- (e.) Failing to control the speed of the vehicle;
- (f.) Failing to make safe decisions leading up to and resulting in the collision;
- (g) Failing to turn his vehicle in an effort to avoid the collision in question.
- (h.) Failing to abide by the proper rules and regulations concerning the use and management of a motor vehicle;
- (i.) Operating the vehicle in violation of Texas Transportation Code § 545.401; and
- (j.) Failing to maintain a clear and reasonable distance between the vehicle he was operating and those other vehicles sharing the roadway

33. Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence and negligence per se which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

## V. CAUSES OF ACTION: NEGLIGENCE
## KORY DWYER ("DWYER")

34. Plaintiff incorporates by reference each and all of the allegations contained in paragraphs 1 – 33 of this Complaint as though fully set forth herein.

35. At the time of the occurrence of the act in question and immediately prior thereto, Defendant DARIUS MANGRUM, was within the course and scope of his employment and/or in the furtherance of the business of Defendant KORY DWYER.

36. At the time of the occurrence of the act in question and immediately prior thereto, Defendant DARIUS MANGRUM was engaged in the furtherance of Defendant KORY DWYER's business.

37. Defendant DARIUS MANGRUM was engaged in accomplishing a task for which Defendant DARIUS MANGRUM was employed.

38. Plaintiff invokes the doctrine of *Respondeat Superior* against Defendant KORY DWYER.

39. The Defendant KORY DWYER is liable under the doctrine of *Respondeat Superior* in that, at the time of the collision forming the basis of this suit, Defendant DARIUS MANGRUM was utilizing the subject trailer in the course and scope of his employment and/or in the furtherance of the business of Defendant KORY DWYER.

40. Defendant KORY DWYER is also negligent in one or more of the following respects:

(a.) Negligent hiring of Defendant DARIUS MANGRUM;

(b.) Negligent training of Defendant DARIUS MANGRUM;

(c.) Negligent supervision of Defendant DARIUS MANGRUM;

(d.) Negligent retention of Defendant DARIUS MANGRUM; and

(e.) Negligent entrustment of its vehicle to Defendant DARIUS MANGRUM.

(f.) Failing to ensure DARIUS MANGRUM was properly qualified.

41. As described herein, Defendant KORY DWYER was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

42. Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence and negligence per se, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which he will continue to suffer in the future, if not for the remainder of his natural life.

## VI. DAMAGES

43. Plaintiff incorporates by reference each and all of the allegations contained in Paragraphs 1 through 42 of this Complaint as though fully set forth herein.

44. Nearly all of the elements of damages for personal injury are unliquidated and, therefore, not subject to precise computation. Plaintiff seeks to recover damages in amounts the jury finds the evidence supports and the jury finds to be appropriate under all of the circumstances.

45. As a direct and proximate result of the collision and the negligent conduct of Defendants, Plaintiff CARL FRANCIS suffered severe bodily injuries to his head, neck, left shoulder, upper and lower back and other parts of his body generally. The injuries have had a serious effect on the Plaintiff's health and well-being. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for his entire life.

8

Original Complaint (*Francis vs. Black Rose Specialized Transport, et al*)

46. As a further result of the injuries sustained by the Plaintiff CARL L. FRANCIS, there is a reasonable probability that he will require further medical care and attention, and will incur future reasonable and necessary expenses for their medical care and attention.

47. By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court for which he now sues.

48. Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff CARL L. FRANCIS, was caused to incur the following damages:

(a.) Reasonable medical care and expenses in the past. Plaintiff, CARL FRANCIS, incurred these expenses for the necessary care and treatment of the injuries resulting from the crash complained of herein and such charges are reasonable and were usual and customary charges for such services in county they were incurred;

(b.) Reasonable and necessary medical care and expenses, which will, in all reasonable probability be incurred in the future;

(c.) Physical pain and suffering in the past;

(d.) Physical pain and suffering, which will, in all reasonable probability be suffered in the future;

(e.) Physical impairment, limitation of activities and diminution of enjoyment of life in the past;

(f.) Physical impairment, limitation of activities and diminution of enjoyment of life which will, in all reasonable probability be suffered in the future;

(g.) Loss of wages in the past;

(h.) Loss of earning capacity, which will, in all reasonable probability be incurred in the future;

(i.) Mental anguish in the past;

(j.) Mental anguish which will, in all reasonable probability be suffered in the future; and

(k.) Cost of medical monitoring and prevention in the future.

### VII. PRE-JUDGMENT AND POST-JUDGMENT INTEREST

49. Plaintiff incorporates by reference each and all of the allegations contained in Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

50. Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

### VIII. JURY DEMAND

51. Plaintiff requests a trial by jury for all issues of fact.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff CARL L. FRANCIS prays Defendants BLACK ROSE SPECIALIZED TRANSPORT, LLC; DARIUS L. MANGRUM AND KORY DWYER be cited to appear and answer herein, this cause be set down for trial before a jury, and Plaintiff recovers judgment of and from Defendants for Plaintiff's actual damages, jointly and severally, in such amount as the evidence may show and the jury may determine to be proper, together with the prejudgment interest, post-judgment interest, costs of suit, and such other and further relief to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

**SAHADI LEGAL GROUP**
414 S. Tancahua Street
Corpus Christi, TX 78401
T: 361-760-3300
F: 361-760-3310

By: ***/s/ Reagan Sahadi***
R. Reagan Sahadi
State Bar No. 24042369
Federal Bar No. 634434
rsahadi@sahadilegal.com
e-filing@sahadilegal.com

AND

Rosendo Almaraz, Jr.
State Bar No. 24010645
ALMARAZ LAW FIRM
212 W. Nolana Ave.
McAllen, TX 78504
T: (956) 800-1046
F: (956) 800-1049
rajr@almarazlaw.com
info@almarazlaw.com

**ATTORNEYS FOR PLAINTIFF**

11

Original Complaint (*Francis vs. Black Rose Specialized Transport, et al*)